IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARVEY LEWIS LESTER,

    Plaintiff,

v.

SPRINGFIELD POLICE
DEPARTMENT ET AL,

    Defendant.

Civ. No. 6:15-cv-01738-MC

OPINION AND ORDER

**MCSHANE, Judge:**

Plaintiff, *pro se*, brings this action against the Springfield Police Department[1] for alleged violation of his rights under the Fourth and Sixth Amendments, ECF No. 1, a motion to proceed *in forma pauperis*, ECF No. 2, and a motion for appointment of counsel, ECF No. 3.

This Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Upon review, plaintiff's complaint, ECF No. 1, is DISMISSED with leave to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's motion for appointment of counsel, ECF No. 3, is DENIED without prejudice.

---

[1] Plaintiff did not identify any additional defendants in his complaint. *See* Compl. 1–6, ECF No. 1.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

## DISCUSSION

Plaintiff seeks to recover various damages resulting from an alleged unconstitutional imprisonment. *See* Compl. 1–6, ECF No. 1. Plaintiff, who was convicted of unlawful delivery of methamphetamine, ORS § 475.890, and unlawful possession of methamphetamine, ORS § 475.874, in Lane County Case No. 201203990, appears to be currently under Oregon Post-Prison Supervision. *See* Compl. 4, ECF No. 1-1.

To survive this assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court must assume that the allegations contained in the complaint are true. *Id.*

Plaintiff's allegations, at least as currently articulated, are insufficient to state a claim. To properly state a claim, plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Plaintiff need, in an amended

2 – OPINION AND ORDER

complaint, specify the claim or claims that he is asserting against each named defendant.[2] If plaintiff intends to challenge the constitutionality of his state imprisonment and subsequent post-prison supervision in federal district court, he need file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Such a petition must allege that he exhausted[3] his state remedies, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Kellotat v. Cupp*, 719 F.2d 1027, 1030–31 (9th Cir. 1983), and "must be legibly written or typewritten on forms supplied by the Court and . . . signed under penalty of perjury by the petitioner or by a person authorized to sign for the petitioner. The original of the petition . . . must be sent to the Clerk of the Court," LR 81-1.

Plaintiff also moves for appointment of *pro bono* counsel. *See* Pl.'s Mot. Appointment Counsel 1–4, ECF No. 3. This Court has discretion to appoint counsel under "exceptional circumstances." *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To determine whether such circumstances exist, this Court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted). Plaintiff has not made this requisite showing.

## CONCLUSION

---

[2] Plaintiff, in his request for relief, seeks compensation for "time spent under false imprisonment." Compl. 6, ECF No. 1. To assert a claim for false imprisonment under Oregon law, plaintiff must allege four elements, including: (1) defendant confined plaintiff; (2) defendant intended the act that caused the confinement; (3) plaintiff was aware of the confinement; and (4) the confinement was unlawful. *See Hiber v. Creditors Collection Serv. of Lincoln Cnty., Inc.*, 154 Or. App. 408, 413 (1998) (citations omitted). Even had plaintiff properly plead these four elements, a claim for false imprisonment asserted against the Springfield Police Department does not confer federal subject matter jurisdiction over this matter.

[3] There are two limited exceptions to exhaustion: first, when there is an absence of available State corrective process; and second, when circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B).

3 – OPINION AND ORDER

For these reasons, plaintiff's complaint, ECF No. 1, is DISMISSED with leave to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's motion for appointment of counsel, ECF No. 3, is DENIED without prejudice. **Plaintiff is allowed 45 days from the date of this order to file a petition for writ of habeas corpus consistent with this opinion.** The Clerk of the Court shall provide plaintiff with an appropriate habeas corpus form, but shall not issue process until further order of this Court.

IT IS SO ORDERED.

DATED this 25th day of September, 2015.

                                                          **Michael J. McShane**
                                                  **United States District Judge**